1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILSON,                              Civ. S-07-0822 JAM GGH

10
             Plaintiff,              ORDER DENYING PLAINTIFF'S
11                                   MOTION FOR SUMMARY JUDGMENT AND
                                     GRANTING SUMMARY JUDGMENT *SUA*
12        v.                         *SPONTE* FOR DEFENDANTS

13
TONY M. SANCHEZ AND COMPANY,
14   Inc., dba MCDONALD'S # 7543;
MCDONALDS CORPORATION,
15
16             Defendants.

17

18        This matter comes before the Court on Plaintiff Ronald

19   Wilson's ("Wilson") motion for summary judgment pursuant to Rule

20   56(c) of the Federal Rules of Civil Procedure.  Defendants Tony

21   M. Sanchez and Company, Inc. doing business as McDonald's #7543

22   and McDonald's Corporation (collectively "Defendants") oppose

23   the motion.  For the reasons set forth below[1], Plaintiff's motion

24
25
26
27
28

---

[1]    Because oral argument will not be of material assistance,
the court orders this matter submitted on the briefs.  E.D. Cal.
L.R. 78-230(h).

1

is DENIED and Defendants' request for summary judgment to be

entered <u>sua</u> <u>sponte</u> by the Court is GRANTED.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from Plaintiff Wilson's numerous visits

to the McDonald's Restaurant ("Restaurant") in Dixon, California

owned by Tony Sanchez and Company, Inc.  Wilson is a seventy-two

year old man and has been disabled since 1993.  Pl's Mot. for

Summary Judgment, filed November 5, 2008, ("Pl's Mot.") at 2:19-

20.  Wilson claims he visited the Restaurant 33 times spanning

from July 1, 2001 to his last visit on March 15, 2008.  Pl's

Mot. at 3:11-19.  During these visits, Wilson asserts he

struggled to overcome numerous architectural barriers that

prevented him from enjoying full and equal access to the goods

and services at the Restaurant.  <u>Id.</u> at 3:19-21.  Wilson claims

he sent a letter to the Restaurant on February 15, 2008

informing Defendants of the barriers and requesting that the

barriers be removed.  <u>Id.</u> at 3:22-23.

On April 30, 2007, Wilson filed a complaint against

Defendants seeking declaratory, injunctive, and monetary relief

pursuant to the American with Disabilities Act ("ADA"), 42

U.S.C. §§ 12181 *et. seq.*, and California's Unruh Civil Rights

Act ("Unruh Act"), California Civil Code §§ 51 *et seq*.  Doc. #

1.  According to Wilson, Defendants denied him full and equal

enjoyment in the use of the Restaurant and failed to remove

architectural barriers that violate federal disability access standards as proscribed by the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").  Pl's Mot. at 2:1-9.  In the instant motion, Wilson seeks summary judgment against Defendants.  Doc. # 33.  Defendants argue Plaintiff has no competent evidence to support the alleged violations and thus, summary judgment should be denied.  Defs' Memorandum of Points and Authorities in Opposition to Pl's Mot., filed December, 3 2008, ("Defs' Opp.") at 2:8-22.  In addition, Defendants request this Court to grant summary judgment on their behalf.  See Defs' Request for Summary Judgment, Doc. # 34 at Attachment #7.

II.   OPINION

A. Legal Standard

　　Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses."  Cleotex v. Catrett, 477 U.S. 317, 323-324 (1986).

　　The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986).

If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'"  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing Celotex, 477 U.S. at 323).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]."  Anderson, 477 U.S. at 252.  This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id.

B. The ADA

Plaintiff argues that summary judgment should be granted with respect to his ADA claims against Defendants.  Title III of the ADA establishes that "[n]o individual shall be discriminated against on the basis of disability in the full and equal

enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Here, Wilson alleges that Defendants discriminated against him by failing to remove certain architectural barriers at the Restaurant. Specifically, Wilson asserts that Defendants violated the ADA by failing to abide by the ADAAG standards.

The ADAAG regulations are divided into three categories. The first category of regulations require that newly-constructed public accommodations must comply with specific accessibility requirements set forth in the ADAAG. See 28 C.F.R. Pts. 36.401, 36.406. The second category of regulations concerns the accessibility requirements imposed on public accommodations altered after January 26, 1992. See id. The third category requires the removal of architectural barriers in preexisting public accommodations. See 28 C.F.R. Pt. 36.304. "Under the ADA's continuing barrier removal obligation, it is discriminatory for owners, operators, lessors or lessees to fail to remove architectural barriers that deny disabled persons the goods and services offered to the general public." Wilson v. Pier 1 Imports (US), Inc., 439 F.Supp.2d 1054, 1066 (E.D. Cal. 2006).

Here, Plaintiff asserts the Restaurant is a newly-constructed public accommodation designed for occupancy after 1993.  See Pls' Mot. at 13:19-22.  As such, the Court will assume, without deciding, that Defendants are required to comply with the higher accessibility standards imposed on new facilities rather than the lower standards imposed on existing facilities.  The Court will therefore assume that Restaurant must comply with the ADAAG standards.  See 28 C.F.R. Pt. 36.406 (newly constructed public accommodations must comply with the accessibility requirements set forth in the ADAAG).

In order to make a prima facie case under Title III of the ADA, a plaintiff must prove that (1) he has a disability, (2) defendants' facility is a place of public accommodation, and (3) he was denied full and equal treatment because of his disability.  Wilson, 439 F.Supp.2d at 1067.  Compliance with the standards set forth in the ADAAG constitutes compliance with ADA requirements.  Id. at 1066.  Here, because the parties do not dispute that Wilson is disabled or that the Restaurant is a place of public accommodation, the question is whether Wilson was discriminated against on account of his disability based on architectural barriers.  That is, whether Defendants violated the ADA by contravening specific standards set forth in the ADAAG.

Wilson claims Defendants violated the ADA by failing to remove barriers that obstructed his access and use of the Restaurant.  Pl's Mot. at 11:27-28.  However, the only evidence Plaintiff provides in support of his motion for summary judgment is a statement of 81 facts Wilson asserts are undisputed.  These facts are only supported by one declaration, that of Wilson.  However, Wilson's declaration is insufficient to factually support his claims because it fails to show personal knowledge.  Wilson provided various measurements relating to alleged architectural barriers such as slopes, heights, levels of landings, poundage of pressures, etc., but Wilson did not state how he made the measurements nor specify how he acquired this knowledge (e.g., Wilson Decl. at ¶¶ 13-14.)  Because Wilson did not state that he was personally involved in any of the measurements to which he testifies, and because personal knowledge cannot be inferred, the statements in Wilson's declaration referencing such measurements cannot be considered by the Court.  See Edwards v. Toys "R" Us, 527 F.Supp.2d 1197, 1200 (C.D. Cal. 2007) (under Rule 56(e), a declaration not based on personal knowledge is inadmissible at the summary judgment stage); see also Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the

matters stated therein"). Thus, because the only affidavit supporting Wilson's motion for summary judgment is his own declaration and this declaration fails to demonstrate personal knowledge, the facts alleged are not sufficiently supported to create a cognizable claim for relief and thus do not support granting a motion for summary judgment against Defendants.

In addition, Wilson's declaration is defective because it contains opinions that constitute expert testimony despite the fact that Wilson has not been disclosed as an expert. See id. at ¶¶ 11-14. Plaintiff failed to disclose an expert by July 11, 2008 as ordered by this Court in its July 17, 2007 Status (Pre-Trial Scheduling) Order. Doc. # 14. Rule 26 requires parties to disclose the identity of expert witnesses "accompanied by a written report prepared and signed by the witness." See Fed. R. Civ. P. 26(a). Rule 37(c)(1) gives teeth to these requirements by forbidding the use on a motion or at trial of any information required to be disclosed by Rule 26 that is not properly disclosed, unless the parties' failure to disclose the required information is substantially justified or harmless. See Yetti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless.")).  Rule 37(c)(1) was designed to be self-executing in order to produce a strong incentive for disclosure of material that the disclosing party would expect to use as evidence whether at trial, at a hearing, or on a motion, such as one under Rule 56.  See Fed. R. Civ. P. 37, Advisory Comm. Note (1993).  The party failing to disclose the required information bears the burden of demonstrating their failure was either substantially justified or harmless.  See Yetti by Molly, 259 F.3d at 1107.

In Defendants' Opposition they contend that Plaintiff failed to serve initial expert witness disclosures as required by Rule 26.  Defs' Opp. at 4:24-28, 5:1-16.  Because Plaintiff has not replied to Defendant's Opposition, the Court will treat this failure as a concession that Wilson was not properly disclosed in violation of Rule 26.  Accordingly, because Plaintiff did not demonstrate that his failure to disclose this information was harmless or substantially justified, Wilson's declaration cannot be considered by the Court on Plaintiff's motion for summary judgment.  See Yetti by Molly, 259 F.3d at 1106-1107.

As such, Plaintiff has not provided evidence of a prima facie case that architectural barriers existed or still exist at the Restaurant.  Plaintiff has not only failed to meet its

initial burden of demonstrating the absence of a genuine issue of material fact for trial, <u>Anderson</u>, 477 U.S. at 248-249, but also Plaintiff has failed to show essential evidence to factually support his claims.   Accordingly, Plaintiff's motion for summary judgment against Defendants on the ADA claim is denied.

C. <u>The Unruh Act</u>

     Wilson's second claim for relief seeks to state violations of the Unruh Act predicated upon violations of the rights under the ADA.   <u>See</u> <u>Lentini v. California Center for the Arts,</u> <u>Escondido</u>, 370 F.3d 837, 846 (9th Cir. 2004) (a violation of any right under the ADA is a violation of the Unruh Act).   However, because Wilson's Unruh Act claims turn on ADA liability, and because Wilson failed to prove a violation of any right under the ADA, Wilson's motion for summary judgment against Defendants is denied.

D. <u>Summary Judgment *Sua Sponte*</u>

     Defendants request the Court to exercise its inherent discretion and enter summary judgment on Defendants' behalf. <u>See</u> Defs' Request for Summary Judgment, Doc. # 34 at Attachment #7.   Defendants' request is based upon the fact that Plaintiff has not disclosed an expert to testify in any manner.   Plaintiff does not have an expert to testify as to what architectural barriers exist or existed at the Restaurant, to testify as to

what the ADAAG require and what sections pertain to which alleged barriers, nor is there an expert to show whether removal of any barriers is readily achievable as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

District courts "possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that [he] had to come forward with all [his] evidence." Celotex, 477 U.S. at 326.  To grant summary judgment on behalf of defendant where defendant has not filed a motion, the plaintiff must have (1) adequate notice and (2) a reasonable opportunity to present an opposition.  Kassbaum v. Steppenwolf Productions, Inc., 236 F.3d 487, 494-495 (9th Cir. 2000).  If a court concludes that a non-moving party is entitled to judgment, "great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law."  Id.

Here, Plaintiff has been given adequate notice and a reasonable opportunity to present an opposition.  As stated above, Plaintiff has not provided any admissible evidence before the Court to demonstrate Defendants violated the ADA.  Plaintiff has not disclosed an ADA expert nor has he demonstrated any personal knowledge in his declaration submitted to the Court. In addition, Plaintiff cannot remedy the defect of failing to

disclose an expert because the deadline for expert disclosure has passed.  See Court's Scheduling Order, Doc. # 14 at 3:8-12. Given Plaintiff's failure to provide competent evidence supporting his claims coupled with the fact that Plaintiff failed to file a reply brief, it appears to the Court that Plaintiff cannot present a prima facie case for an ADA violation and that the overwhelming weight of authority supports granting summary judgment *sua sponte* to the Defendants.  Kassbaum, 236 F.3d at 494-495.  The record is fully developed and the Plaintiff has been given adequate opportunity to present his case. His failure to do so leaves this Court with no choice but to grant summary judgment *sua sponte* in favor of Defendants.

III. ORDER

For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED, and Defendants are GRANTED summary judgment *sua sponte*.


IT IS SO ORDERED.

Dated:  January 26, 2009                                    _____
                                                            JOHN A. MENDEZ,
                                                            UNITED STATES DISTRICT JUDGE