IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILSON,                          Civ. S-07-0822 JAM GGH

    Plaintiff,                    ORDER DENYING DEFENDANTS'
                                        MOTION FOR ATTORNEY'S FEES,
  v.                                    LITIGATION EXPENSES AND COSTS

TONY M. SANCHEZ AND COMPANY,
Inc., dba MCDONALD'S # 7543;
MCDONALD'S CORPORATION,
    Defendants.
_____/

    This matter comes before the Court on Defendants Tony M. Sanchez and Company, Inc. dba McDonald's #7543 ("Defendants") motion for attorney's fees, litigation expenses and costs. Plaintiff Ronald Wilson ("Plaintiff") disputes that he is liable

1

for attorney's fees. For the reasons set forth below, Defendants' motion is DENIED.[1]

Plaintiff, a disabled man who requires use of a wheelchair for mobility, filed suit against Defendants, the owners/operators of a McDonald's Restaurant, in Dixon, California. The complaint alleged numerous violations of the American with Disabilities Act, 42 U.S.C. 12101 et seq, and related California statutes. On November 5, 2008 Plaintiff filed a motion for summary judgment. Doc. # 33. Defendants opposed the motion for summary judgment and requested the Court to grant summary judgment *sua sponte* on behalf of Defendants. Doc. # 34. Plaintiff did not reply to Defendants' opposition and request for summary judgment *sua sponte*. By order dated January 26, 2009, the Court denied Plaintiff's motion for summary judgment and granted summary judgment *sua sponte* in favor of Defendants. Doc. # 41. Defendants subsequently filed the instant motion seeking $36,459.57 in attorney's fees, litigation expenses and costs. Doc. # 46.

While attorney's fees generally are not recoverable, such fees may be awarded if authorized by enforceable contract or by applicable statute. <u>Alyseka Pipeline Serv. Co. v. Wilderness</u>

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

Soc,y, 421 U.S. 240, 257 (1975). The Americans with Disabilities Act (ADA) provides that "the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205. In the context of the ADA and other civil rights statutes, strong policy considerations support awarding attorney's fees to prevailing plaintiffs. Plaintiffs play an integral role in enforcement of the statute through private litigation, and the award of attorney's fees provides an incentive to file such suits. See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 418 (1978).

However, the "policy considerations which support the award of attorney's fees to a prevailing plaintiff are not present in the case of a prevailing defendant." Id. at 418-419. To the contrary, awards to prevailing defendants could have a chilling effect on the filing of ADA lawsuits by plaintiffs. For this reason, fees are not awarded as a matter of course to prevailing defendants, and should only be awarded under exceptional circumstances, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997). An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith. Peters v. Winco Foods, Inc., 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004)

3

(*citing* Schutts v. Bently Nevada Corp., 966 F. Supp. 1549, 1557 (D. Nev. 1997)). Even where plaintiff is unaware at the commencement of the suit that the claim is frivolous, he may be liable for attorney's fees if he continues to litigate after it becomes clear that the action lacks factual substance. Id.

Here, Defendants seek an award of attorney's fees expended to defend this litigation, asserting that Plaintiff's claims were frivolous and without any basis in law or fact. Defs' Motion for Attorney's Fees ("Mot.") at 5. The Court determined that Plaintiff's claims were factually unsupported and granted summary judgment in Defendants' favor. Doc. # 41. This ruling, however, does not constitute a finding that Plaintiff's claims were frivolous, unreasonable, or without foundation. Although Plaintiff presented insufficient evidence to prove Defendants violated the ADA or related state law claims, including failing to file a brief in reply to Defendants' Opposition to Plaintiff's motion for summary judgment, this Court does not find Plaintiff's claims to be frivolous, unreasonable, or without foundation. Quite simply, Plaintiff's claims failed in large part because Plaintiff apparently lacked a necessary and fundamental understanding of the Federal Rules of Evidence as they apply to summary judgment motions as well as Rules 26 and 37 of the Federal Rules of Civil Procedure. If, for example, Plaintiff had supported his motion for summary judgment with

expert testimony he might have been able to avoid having summary judgment entered against him. In short, Plaintiff's lawsuit was not frivolous. He simply was unable to figure out how to properly introduce admissible evidence necessary to prove his claims. As such, the Court denies Defendants' motion for attorney's fees under the ADA.

Defendants also argue that they are entitled to attorney's fees under Section 55 of the California Disabled Persons Act (CDPA). Mot. at 8. Defendants assert that while the ADA grants discretion to award attorney's fees, a fee award under Section 55 of the CDPA is not discretionary, and does not turn on whether the Plaintiff's claims were frivolous. See Cal. Civ. Code § 55. Defendants' Section 55 argument, however, fails as a matter of law. In Hubbard v. SoBreck, LLC, the Ninth Circuit held that preemption principles preclude the imposition of fees on a plaintiff for bringing nonfrivolous claims under state law that parallel claims also filed pursuant to the federal law. 531 F.3d 983 (9th Cir. 2008). The Ninth Circuit reasoned that "to the extent that California's Section 55 mandates the imposition of fees on a losing plaintiff who brought a nonfrivolous ADA action and a parallel action under Section 55, an award of attorney's fees under Section 55 would be inconsistent with the ADA, which would bar imposition of fees on the plaintiff." Id. at 985.

Here, it is impossible to distinguish the fees necessary to defend against the CDPA claim from those expended in defense against the ADA claims, thus a grant of fees under the California cause of action would necessarily be a grant of fees as to the ADA claims. Id. In light of the Ninth Circuit's holding that the ADA preempts Section 55 of the CDPA, this Court finds it improper to authorize the award of fees to Defendants on its nonfrivolous CDPA state claims that parallel its nonfrivolous ADA claims. See id.

For the reasons stated above, Defendants' motion for attorney's fees, litigation expenses and costs is DENIED.

IT IS SO ORDERED.

Dated: April 20, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE